UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD KEITH GARNER,<br><br>        Petitioner,<br><br>   v.<br><br>R.I. GOWER,<br><br>        Respondent. | No. 2:14-cv-1978 TLN GGH P<br><br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

      Petitioner is proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 25, 2014, petitioner filed the instant petition, challenging his conviction for receiving stolen property and enhancements for prior convictions. On December 5, 2014, respondent filed a motion to dismiss for failure to exhaust. (ECF No. 9). Petitioner did not file an opposition but instead filed a motion to hold the instant federal petition in abeyance pending exhaustion of his claim in state court.[1] (ECF No. 11). On January 21, 2015, respondent filed an opposition to petitioner's motion for stay and abeyance, seeking to dismiss the petition as premature. (ECF No. 12).

////

---

[1] The motion was incorrectly captioned, "motion to amended petition for writ of habeas corpus."

1

DISCUSSION

    I. Abstention

In his motion to stay, petitioner states that he filed a petition to recall his sentence on September 25, 2014, that he has been appointed counsel for those proceedings, and that a hearing is scheduled in February, 2015 for his resentencing in regard to Propositions 47 and 36. Petitioner seeks a stay until these proceedings are resolved. Respondent argues that this Court should abstain from entertaining the petition because petitioner's sentencing claim must be adjudicated in the state courts and the judgment is not final.

Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

In Phillips v. Vasquez, 56 F.3d 1030 (9th Cir.1995), the Ninth Circuit considered whether Younger abstention was warranted where a federal habeas petitioner's capital conviction was final but his sentence was still being appealed. It reasoned: "The state has already adjudicated Phillips' guilt, its decision in that regard is final, and Phillips seeks nothing more than federal review of that decision. The ongoing state proceeding involves sentencing only, and the state is free to continue with its sentencing determination." Id. at 1033. In such circumstances, the court concluded that the Younger doctrine did not preclude federal review of petitioner's claims.

More recently, however, Phillips has been characterized as a narrow holding that turned on the "unreasonably long delay" in the capital appeals process in Phillips' case. Edelbacher v.

Calderon, 160 F.3d 582, 585–586 (9th Cir.1998). In a case where no unusual delay existed, the Ninth Circuit "decline[d] to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Id. at 582–583; see id. at 586, n. 5 (citing cases). See also Dean v. Sandor, 2011 WL 3652383 (C.D.Cal. July 12, 2011) (where federal petition challenges constitutionality of conviction, and direct appeal of sentence is pending, Edelbacher controls, and petition must be dismissed pending outcome of state proceedings) (findings and recommendations adopted by district court on August 18, 2011).

Here, there has been no extreme delay in petitioner's case. Petitioner filed his petition for recall of sentence, and the superior court set the matter for hearing by order of September 25, 2014. (ECF No. 11 at 4.) According to petitioner's state court counsel, a hearing on the Proposition 36 petition is set for February 9, 2015. (Id. at 8.) The state court matter is therefore currently pending. The state has an important interest in passing upon and, if necessary, correcting violations of a defendant's rights. See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir.2003). Petitioner has an adequate forum to pursue his claim, and in light of principles of comity and the risk of piecemeal litigation, the undersigned concludes that the Younger doctrine requires dismissal of this action without prejudice. See Beltran v. California, 871 F.2d 777, 782 (9th Cir.1988) ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action.") (emphasis in original).

II. Motion for Stay and Abeyance

Petitioner's motion for a stay seeks to hold his current petition in abeyance until his petitions for resentencing with the state court are resolved. Respondent opposes that motion. As stated above, petitioner has prematurely filed his federal habeas petition. It is inappropriate for this Court to stay the petition until Petitioner's state direct review concludes. Petitioner may re-file a federal habeas action when state proceedings concerning his conviction and sentence are complete. Therefore, petitioner's motion for stay and abeyance must be denied.

////

CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, filed December 5, 2014, (ECF No. 9), be granted;

2. Petitioner's motion to stay and hold the petition in abeyance, filed January 8, 2015, (ECF No. 11), be denied; and

3. The petition be dismissed without prejudice and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 6, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Garn1978.Absten